```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF TENNESSEE
                        AT KNOXVILLE
```

| | | | |
|---|---|---|---|
| TERRENCE MONTREL TAYLOR, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-171-PLR-HBG |
| | ) | | |
| TONY PARKER, B. FOSTER, JOHN | ) | | |
| DOE, OFFICER YOUNG, JOHN DOE, | ) | | |
| OFFICER DAURGHTY, DR. TRENT, | ) | | |
| J. BUNCH, CAPT. GIBSON, and | ) | | |
| C. HOLBROOK, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1] and related motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court will address Plaintiff's motion for leave to proceed *in forma pauperis* before screening the complaint in accordance with the Prison Litigation Reform Act ("PLRA").

**I.    MOTION TO PROCEED *IN FORMA PAUPERIS***

It appears from the motion for leave to proceed *in forma pauperis* that Plaintiff lacks sufficient financial resources to pay the filing fee in this action. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 4] will be **GRANTED**.

Because Plaintiff is an inmate at the Morgan County Correctional Complex, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period

preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Allegations of Complaint

In 2006, Plaintiff began serving a twenty-year sentence in the custody of the Tennessee Department of Correction ("TDOC") [Doc. 1 p. 1]. On November 20, 2019, Plaintiff was charged with possession of a deadly weapon — a disciplinary offense under TDOC Policy 502.05 — after someone alleged that the weapon, which was found in a communal shower, belonged to Plaintiff [*Id*. at 2]. Plaintiff contends that Disciplinary Board Chairperson, Sergeant B. Foster, later found Plaintiff guilty of the rule violation based merely on this "allegation" [*Id*.].

Plaintiff also alleges that during the morning hours of February 27, 2020, he reached through the security flap of his cell to take a bottled drink from officers, and that Correctional Officer C. Holbrook let the flap close on his right arm [*Id*. at 3]. Plaintiff contends that this caused him "to react and keep [his] arm and hand out [of] the flat and the security trap" [*Id*.]. Plaintiff asked Holbrook to get the Sergeant, but Holbrook refused [*Id*.]. Plaintiff alleges that Holbrook

then repeatedly shut the outside security flap on his hand and arm, causing "serious pain" [*Id.* at 3-4]. Plaintiff maintains that after this incident, he was denied medical care for cuts and possible bone fracture by Captain Gibson, along with three other persons not named as Defendants in this action [*Id.* at 4].

Plaintiff contends that on July 26, 2018, he was subjected to an unnecessary and excessive use of force by Correctional Officer J. Brunch; Officers Young, Daurghty, and Doe of the Green Team; and Sgt. Trent [*Id.* at 5]. Plaintiff maintains that this assault left him with injuries to his head and face that were never examined or treated by the facility's medical staff [*Id.*].

Finally, Plaintiff alleges that on February 4, 2015, Captain Gibson ordered all property removed from Plaintiff's cell, leaving Plaintiff only with the boxer shorts and socks he happened to be wearing at the time his property was removed [*Id.* at 6]. Plaintiff states that he was left freezing in his cell for an extended period of time in a wanton and unjustified infliction of suffering [*Id.*].

**C. Analysis**

**1. Statute of Limitations**

First, the Court finds that any claim raised by Plaintiff's allegations of wrongdoing in 2015 and 2018 are time barred. Federal district courts apply the State's statute of limitations for personal injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year."); *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run,

4

however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). Under federal law, a cause of action accrues, and the limitations period begins to run, when the injury forming the basis of the claim is discoverable. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

Plaintiff knew of the actions allegedly taken by correctional officers on February 5, 2015, and July 26, 2018, on the dates they occurred [*See, generally*, Doc. 1]. However, Plaintiff did not file the instant action until on or about March 13, 2020 [*Id.*]. Accordingly, any claim based on Plaintiff's allegations of wrongdoing in 2015 and 2018 are barred by the applicable statute of limitations, and these claims will be **DISMISSED**. Defendants Brunch, Young, Green Team Doe, Daurghty, Young, and Trent will likewise be **DISMISSED**, as the only claims against them arise from time-barred allegations.

### 2. Disciplinary Violation and Charge

The Court next addresses Plaintiff's claim that he was charged with a disciplinary infraction and found guilty of the offense based on someone's allegation, despite the fact that the contraband item was found in a communal shower. First, the Court finds that Plaintiff has no right to be free of a disciplinary charge, even if the disciplinary charge is unfounded. *Cromer v. Dominguez*, 103 F. App'x 570, 573 (6th Cir. 2004) ("False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing."); *Person v. Campbell*, No. 98–5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999) ("[T]he filing of false disciplinary charges against an inmate does not constitution a constitutional violation redressable under § 1983."). Moreover, it is apparent from Plaintiff's allegations that a disciplinary hearing was held where the Chairperson, B. Foster,

credited the "allegation" that Plaintiff was responsible for the contraband item [Doc. 1 p. 2]. Due Process does not require more. *See, e.g., Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 445, (1985) (holding procedural due process requires only "some evidence" to support findings made in disciplinary hearing). Accordingly, this allegation fails to state a constitutional claim. Therefore, this claim and Defendant B. Foster will be **DISMISSED**.

### 3. Defendants Tony Parker and I.A. John Doe

Plaintiff's complaint contains no allegations against Defendant Tony Parker, the Commissioner of TDOC, or against I.A. John Doe.[1] Therefore, he has failed to state a claim against either Defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Moreover, to the extent applicable, the Court otherwise notes that Defendant Parker cannot be held liable in a § 1983 action based on his status as TDOC Commissioner. *See Monell v. Dept. of Social Serv.*, 436 U.S. 658, 691-92 (1978) (holding there is no *respondeat superior* liability in § 1983); *West v. Atkins*, 487 U.S. 42, 50 (1982) (holding each defendant can only be held liable for his own actions or failure to act while exercising his responsibilities under the law). Accordingly, Plaintiff has failed to state a claim against Defendants Tony Parker and I.A. John Doe in the present complaint, and they will be **DISMISSED**.

### 4. Incident on February 27, 2020

Liberally construing Plaintiff's complaint, the Court finds that Plaintiff may be able to state a claim against Defendants Holbrook, Gibson, and other unnamed individuals for the alleged use of excessive force and denial of medical treatment that occurred on February 27, 2020, provided

---

[1] Plaintiff only lists these names in his motion for leave to appear *in forma pauperis* [*See* Doc. 4].

he is allowed to amend his complaint [*See* Doc. 1 p. 3-4]. Therefore, within twenty-one (21) days of entry of this Memorandum and Order, Plaintiff will be **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated on February 27, 2020, and the specific parties responsible. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). The Clerk will be **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff is **ADVISED** that he should avoid making legal arguments in his amended complaint, but rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to this incident. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to the February 27, 2020 incident, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court can **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

### 5. Official-Capacity Claims

Finally, Plaintiff does not identify in his complaint whether he is suing Defendants in their individual capacities, their official capacities, or both. Assuming, however, that Defendants are sued in both capacities, the Court expressly finds that Plaintiff cannot maintain suit against any named Defendant in his or her official capacity under the Eleventh Amendment to the United States Constitution.

Under the Eleventh Amendment to the United States Constitution, a State is immune from actions for damages unless its immunity has been abrogated by Congress or expressly waived by the State. U.S. Const. Amend XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1984); *Quern v. Jordan*, 440 U.S. 332, 320–45 (1979).  At all relevant times, Defendants were State employees as defined under Tennessee statutory law, because they were officials "employed in the service of and whose compensation is payable by the [S]tate."  Tenn. Code Ann. § 8-42-101(3)(A).  Tennessee has not waived its immunity.  *See Berndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983).  Accordingly, Plaintiff cannot recover monetary damages against Defendants in their official capacities.  *See id.*  Therefore, all claims against Defendants in their official capacities will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, to the Attorney General for the State of Tennessee, and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff is **ORDERED** to file an amended complaint addressing his claims of excessive force and the denial of medical care stemming from an incident involving the use of force on February 27, 2020;

7. Plaintiff has twenty-one (21) days from entry of this order to file the amended complaint as set forth above, and he is **NOTIFIED** that the amended complaint will completely replace the original complaint;

8. Plaintiff is **NOTIFIED** that failure to timely comply with this order may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. All other claims and all claims against all Defendants in their official capacities are **DISMISSED**;

10. As no allegations have survived against them, Defendants Parker, Foster, Young, Daurghty, Trent, Bunch, I.A. Doe, and Green Team Doe are **DISMISSED** from this action; and

11. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**