UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERRENCE MONTREL TAYLOR, | ) | | |
| --- | --- | --- | --- |
| Plaintiff, | ) | | |
| v. | ) | No.: | 3:20-CV-171-PLR-HBG |
| COTTON HOLBROOK, | ) | | |
| Defendant. | ) | | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate proceeding pro se, has filed an amended complaint for violation of 42 U.S.C. § 1983 [Doc. 7]. The amended complaint is before the Court for screening in accordance with the Prison Litigation Reform Act ("PLRA").

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF COMPLAINT

Plaintiff, an inmate at the Morgan County Correctional Complex ("MCCX"), reached through the security flap of his cell during the morning hours of February 27, 2020, to get a bottle from Corrections Officer Cotton Holbrook, and Holbrook repeatedly slammed the flap on Plaintiff's arm and hand [Doc. 7 p. 3-4]. Plaintiff's arm began to swell, and he requested medical attention but was denied any such attention by Cpl. Hudgtt, Sgt. Mason, and Cpt. Gibson [*Id*. at 4]. On or about May 15, 2020, he filed an amended complaint seeking injunctive relief from the Court [*Id*. at 5].

## III. ANALYSIS

### A. Excessive Force

First, the Court considers Plaintiff's claim of unnecessary force against Defendant Holbrook. In determining whether a prison official has violated the Eighth Amendment's

prohibition against excessive force, courts apply a two-part inquiry: (1) "whether force was applied in a good faith effort to maintain and restore discipline or maliciously and sadistically for the very purpose of causing harm," i.e. the subjective component; and (2) whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency," i.e., the objective component. *Hudson v. McMillan*, 503 U.S. 1, 6, 9 (1992). The subjective competent requires consideration of the need for the use of force, the relationship between that need and the force used, the threat reasonably perceived by the official, and the extent of the injury. *Id*. at 7. To satisfy the objective component, an inmate need not prove a serious injury to prove cruel and unusual treatment, but the extent of the injury may be probative of whether the force was plausibly "thought necessary" in the situation. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

The Court finds Plaintiff's allegation raises a plausible claim that Defendant Holbrook subjected him to an unnecessary and excessive use of force in violation of the Eighth Amendment, and the Court will allow this claim to **PROCEED**.

      **B.**      **Medical Care**

Next, the Court notes that Plaintiff has not named Cpl. Hudgtt, Sgt. Mason, or Cpt. Gibson as Defendants in this action, despite his allegation that each officer denied him medical treatment. Nonetheless, liberally construing Plaintiff's amended complaint, the Court considers whether Plaintiff has plausibly stated a claim against any of these Defendants for the denial of medical treatment.

A prisoner's constitutional right to medical care is abridged only if officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Under this standard, a State

actor is not liable under § 1983 unless the plaintiff alleges facts which, if true, would demonstrate that the prison official (1) knew that the inmate faced a substantial risk of serious harm; and (2) disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

Here, Plaintiff alleges that his arm was visibly swollen after an incident of excessive force by an officer, and that three different officials refused his requests for treatment [Doc. 7 p. 4]. At his stage of the litigation, the Court finds that Plaintiff has plausibly stated a claim for the denial of medical treatment against Hudgtt, Mason, and Gibson, and his claim for the denial of medical attention will **PROCEED** as to these Defendants. The Clerk will be **DIRECTED** to add each officer as a Defendant in this action.

### IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to add Cpl. Hudgtt, Sgt. Mason, and Cpt. Gibson as Defendants in this action;

2. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Holbrook, Hudgtt, Mason, and Gibson;

3. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within thirty (30) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4;

4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required will result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

5. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date on which they are served;

6. If any Defendant fails to timely respond to the complaint, any such failure may result in entry of judgment by default against that Defendant; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the

4

other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within (14) fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED**.

**E N T E R:**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**