UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TERRENCE MONTREL TAYLOR, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:20-CV-171-RLJ-HBG |
| CAPT. GIBSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On September 9, 2020, the Court entered an order providing that Plaintiff would have fifteen (15) days within which to provide the Court with any information that would properly identify Defendant Derrick Mason so that he could be served with process [Doc. 26]. The deadline has passed, and Plaintiff has not complied with the Court's order.

Federal Rule of Civil Procedure 21 gives courts authority to dismiss a party from a lawsuit. *See* Fed. R. Civ. P. 21 ("On motion or own its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party."). When evaluating the propriety of a dismissal under Rule 21, courts should consider as guidance the standards of Federal Rule of Civil Procedure 41, which gives courts the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b); *see, e.g., Arnold v. Heyns*, No. 13–14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015).[1]

---

[1] The Sixth Circuit interprets Rule 41 to preclude dismissal of some, but fewer than all, of the Defendants or claims in a civil action. *See, e.g., Letherer v. Alger Grp.*, LLC, 328 F.3d 262, 266 (6th Cir. 2003) (holding "action" in Rule 41 means the "entire controversy"); *Philip Carey*

> The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

Upon consideration of these factors, the Court finds that Plaintiff's failure to respond to or comply with the Court's show order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the order and chose not to respond. Next, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. Third, the Court warned Plaintiff that Defendant Mason would be dismissed from this action if Plaintiff did not properly identify him [Doc. 26 p. 1]. Finally, the Court finds that alternative sanctions would not be effective against Plaintiff, a prisoner proceeding pro se and *in forma pauperis* in this action. Therefore, the Court concludes that the relevant factors weigh in favor of dismissing Defendant Derrick Mason. Accordingly, Derrick Mason is fully and finally **DISMISSED** from this action.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

---

*Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (holding Rule 41 only permits dismissal of entire controversy).