UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERRENCE MONTREL TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CV-171-RLJ-HBG |
| CAPT. GIBSON, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Defendants have filed a motion to dismiss this pro se prisoner's civil rights action for violation of 42 U.S.C. § 1983 [Doc. 40]. Plaintiff has failed to respond to the motion, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1. Accordingly, the Court finds Plaintiff has waived any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.2.

### I. PROCEDURAL HISTORY

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, filed the instant action regarding events at the Morgan County Correction Complex ("MCCX"), the facility where he was housed at the time he filed suit [Doc. 1]. Pursuant to the Prison Litigation Reform Act, the Court screened the complaint, dismissed some claims and Defendants, found that Plaintiff might be able to state a claim for excessive force and the denial of medical treatment, and ordered Plaintiff to file an amended complaint setting forth how his constitutional rights were violated and the specific parties responsible [Doc. 5]. Further, the Court ordered that the amended complaint would completely replace the original complaint [*Id*. at 8].

Thereafter, Plaintiff filed an amended complaint setting forth the alleged facts of his Eighth Amendment claims and seeking only "to get shipped somewhere else" [Doc. 7 p. 5]. The Court

noted in its screening of the amended complaint that Plaintiff sought only injunctive relief [Doc. 8 p. 2].

On February 10, 2021, Plaintiff filed a notice that he has been transferred to Riverbend Maximum Security Institution in Nashville, Tennessee [Doc. 39]. Defendants filed the instant motion to dismiss this action as moot on February 12, 2021 [Doc. 40].

## II.  DISCUSSION

Plaintiff has now obtained the only relief he sought in his amended complaint; he has been transferred to another prison. Therefore, Plaintiff's claim for relief is now moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility); *see also Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (affirming dismissal of claim for injunctive relief as moot where prisoner "transferred from prison of which he complained to a different facility"). Accordingly, dismissal of this action is appropriate.

## III.  CONCLUSION

For the reasons set forth above, Defendants' motion [Doc. 40] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge